**Dennis E. Koho,** 043310
dkoho@koholaw.com
**Samuel E. Sears,** 044120
ssears@koholaw.com
Koho & Beatty, Attorneys at Law, LLC
132 Glynbrook St. N., Suite 350
Keizer, Oregon 97303
Telephone: (503) 390-3501
Facsimile: (503) 390-3506
Attorney for Plaintiff Bartel

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| AMANDA K. BARTEL, | |
| Plaintiff, | CV |
| v. | COMPLAINT<br>Unlawful Debt Collection Practices<br>(28 U.S.C. § 1331) |
| DERRICK E. MC GAVIC P.C., an Oregon professional corporation, LVNV FUNDING, LLC, a Nevada Limited Liability Company, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## I. JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereinafter "FDCPA"), and the Oregon

Unlawful Debt Collection Practices Act, O.R.S. 646.639 *et seq* (hereinafter "OUDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## II.  PARTIES

4. Plaintiff, Amanda K. Bartel, formerly known as, Amanda K. Thornton, is a natural person who resides in the City of Salem, County of Marion, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Derrick E. Mc Gavic P.C. (hereinafter "Defendant Mc Gavic") is a collection agency operating from an address of 1666 W. 12th Avenue, Eugene, Oregon 97402, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant LVNV Funding LLC, (hereinafter "Defendant LVNV") is a collection agency operating from an address of 200 Meeting Street, Suite 206, Charleston, South Carolina 29401, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## III.  FACTUAL ALLEGATIONS

7. In or around 1998 through 2000, Plaintiff incurred financial obligations that were primarily for personal, family or household purposes and are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).  These alleged debts were incurred on a credit card and totaled to an approximate amount of $4,154.79.

8. Plaintiff stopped making payments on this alleged debt early in 2001. Sometime thereafter, the alleged debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

9. On or about December 5, 2007, Defendant Mc Gavic sent Bartel a letter indicating that if plaintiff did not communicate with his office that Defendant LVNV would "consider judicial remedies to recover the claim from [Plaintiff]." A copy is attached as EXHIBIT A.

10. Additionally, Exhibit A referred to the alleged debt as a "claim," included a second page header of "LVNV Funding, LLC vs Amanda K. Thornton," and stated that additional charges may include court costs, and attorney fees.

11. In or about February 2008, Defendant Mc Gavic threatened that they would bring a lawsuit against Plaintiff if she did not make payments on this alleged debt.

12. Based on these threats, Plaintiff began making payments on this alleged debt.

13. As a result of the acts alleged above, Plaintiff suffered actual damages in the form of payments made, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

### IV.  FIRST CLAIM FOR RELIEF

**Violation of The Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

14. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. The Defendants violated 15 U.S.C. § 1692e(2)(A) by indicating that there was already a judgment against plaintiff and that they could consider subsequent judicial remedies, and by threatening to bring a lawsuit on a time barred debt.

    b. The Defendants violated 15 U.S.C. § 1692e(5) by threatening to engage in subsequent judicial remedies, indicating that debtors may be liable for attorney fees, and threatening to bring a lawsuit on a time barred debt.

    c. The Defendants violated 15 U.S.C. § 1692e(10) by misrepresenting the character and legal status of the debt and by misrepresenting the imminence of legal action.

16. As a result of these violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## V.  SECOND CLAIM FOR RELIEF

**Violation of Oregon's Unlawful Debt Collection Practices Act (ORS 646.639 *et seq*)**

17. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

18. Defendants violated the OUDCPA. Defendants' violations include, but are not limited to, the following:

   a. The Defendants violated O.R.S. 646.639(2)(k) by threatening to bring a lawsuit on a time barred debt.

   b. The Defendants violated O.R.S. 646.639(2)(k) and (m) by using terms indicating that Defendants already had commenced and prevailed in legal proceeding and that Plaintiff could be liable for attorney fees.

19. As a result of these violations of the OUDCPA, Plaintiff is entitled to actual damages or $200.00 pursuant to O.R.S. 646.641(1); and reasonable attorney fees pursuant to O.R.S. 646.641(2) from each and every Defendant herein.

## VI. TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed. R.Civ.P. 38.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

### FIRST CLAIM FOR RELIEF

**Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq)**

1. For an award of actual damages in the amount of $20,000 pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

2.  For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

3.  For an award of costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## SECOND CLAIM FOR RELIEF

**Violations of Oregon's Unlawful Debt Collection Practices Act (ORS 646.639 et seq)**

1.  For an award of actual damages or $200.00, whichever is greater, pursuant to O.R.S. 646.641(1), against each and every Defendant;

2.  For an award of reasonable attorney fees pursuant to O.R.S. 646.641 (2) against each and every Defendant.

Dated: November 25, 2008

/s/ Dennis E. Koho
**DENNIS E. KOHO**
OSB #: 043310
(503) 390-3501
**Attorney for Plaintiff Bartel**